RECEIVED
USDC, CLERK, CHARLESTON, SC
2011 SEP 30 P 1:45

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Karyn E Pruitt,<br>Plaintiff, | Case No. 9:10-cv-02439-RMG |
| v. | ORDER |
| Commissioner of Social Security.<br>Defendant. | |

Plaintiff filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying Plaintiff Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). In accordance with 28 U.S.C. §636(b) and Local Rule 73.02, D.S.C., this matter was referred to an United States Magistrate Judge for pretrial handling. The Magistrate Judge recommended reversing the decision of the Commissioner denying benefits and remanding the matter to the Commissioner. (Dkt. No. 10). Defendant has objected to the Magistrate Judge's Report and Recommendation, and Plaintiff has replied. (Dkt. No. 11,13). For reasons set forth below, the Court declines to adopt the recommendation of the Magistrate Judge and recommits the matter to the Magistrate Judge to address the other issues raised by Plaintiff in challenging Defendant's denial of DIB and SSI.

## Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and the

Court may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter to him with instructions. 28 U.S.C. §636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. §205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ". 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of administrative actions." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a solid foundation for the [Commissioner's] findings . . . ". *Vitek v. Finch*, 438 F.2d at 1157-58.

## Background

Plaintiff seeks DIB and SSI on the basis that she has been disabled since she was forty years of age in December 2004. The Administrative Law Judge (ALJ) found Plaintiff suffered from various "severe" impairments pursuant to the standards set forth in 20 C.F.R. § 404.1521(a), which include migraine headaches, depression with panic attacks fibromyalgia, mixed incontinence, obesity and asthma. (Tr. 13-16). The ALJ went on to find, however, that Plaintiff retained a residual

functional capacity (RFC) to perform a restricted range of medium work and could still perform her past relevant work as a clerical worker/data entry clerk. (Tr. 17-19). Plaintiff asserts that the ALJ erred in denying DIB and SSI by failing to comply with the requirements of SSR 96-8p, including failing to consider the side effects of Plaintiff's medications and all of the relevant medical records. Plaintiff also objects to the ALJ's allegedly improper hypothetical question to the Vocational Expert, his failure to make a proper credibility determination in regard to Plaintiff's subjective complaints of pain, and his assignment of a RFC inconsistent with the evidence from the Plaintiff's treating physicians.

The Magistrate Judge raised *sua sponte* the issue of the Appeals Council's failure to address and weigh medical reports submitted to it by Plaintiff following the ALJ's decision. (Dkt. No. 10 at 4-8). Without reaching the other issues raised by Plaintiff, the Magistrate Judge recommended that the matter be remanded to the Commissioner to address the evidence submitted to the Appeals Council.

The duty of the Appeals Council to address "new and material" evidence produced to it has been the source of considerable discussion by the courts within the District of South Carolina. The Fourth Circuit has issued conflicting holdings in unpublished opinions regarding the duty of the Appeals Council to address newly produced evidence and indicate the weight given such new evidence. *See, Thomas v. Commissioner*, 24 Fed. Appx. 158, 2001 WL 1602103 (4th Cir. 2001) (Appeals Council must address newly produced evidence); *Hollar v. Commissioner*, 194 F. 3d 1304 (4th Cir. 1999) (Appeals Council has no duty to articulate own assessment of new evidence). Under an analogous statutory scheme for Black Lung benefits, the Fourth Circuit held in *Jordon v. Califano*, 582 F.2d 1333, 1335 (4th Cir. 1978) that a summary statement by the Appeals Council that

new evidence has been considered is insufficient for the reviewing court to provide substantial evidence review of the Commissioner's decision.

In *Harmon v. Apfel*, 103 F.Supp.2d 869, 871-72 (D.S.C. 2000), Chief Judge David Norton addressed the difficulty of a reviewing court to make a substantial evidence review of the Commissioner's denial of disability benefits where the Appeals Council received new information and failed to "articulate its own assessment of the additional evidence." Judge Norton noted the difficulty of providing substantial evidence review of "evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ". *Id.* at 871. Judge Norton remanded the case to the Commissioner "for further development of the record consistent with the Order." *Id.* at 874-75. This decision has been widely followed in the District of South Carolina. *Oliverira v.* Astrue, 2011 WL 1831768 (D.S.C. 2011); Sapienza *v.* Astrue, 2010 WL 3781998 (D.S.C. 2010)( J. Herlong); Raymond *v. Astrue*, 2009 WL 632317 (D.S.C. 2009) (J. Blatt). *But see*, *Meyer v. Astrue*, 2010 WL 1257626 (D.S.C. 2010)(Judge Joe Anderson, noting the conflict of authority, declines to address because the new information submitted to the Appeals Council was not material).

While this Court is persuaded by Judge Norton's decision in *Harmon*, there remains the additional issue of whether the evidence submitted to the Appeals Council by Plaintiff was "new and material." 20 C.F.R. § 404.970(b). The duty of the Appeals Council to review additional evidence is conditioned on such material being "new and material," which means that it is "not duplicative or cumulative" and "there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Secretary,* 953 F.2d 93, 95-96 (4th Cir. 1991).

The Court has reviewed the newly produced records, which can be found in the Record at

1036-1065. These records included additional treatment notes from Dr. James Franklin, which contain very similar information already found in the record before the ALJ. (*See*, Tr. at 128-157). The newly submitted information also contains office notes from Dr. John Haasis, a pain management specialist. These records also contain information substantively similar to voluminous records already in the Record concerning Plaintiff's complaints of and treatment for her chronic pain. In short, the Court finds that the evidence submitted by the Plaintiff to the Appeals Council was neither "new" nor "material". Thus, the Appeals Council had no duty to review or weigh such material. The Court, therefore, declines to adopt the Magistrate Judge's recommendation.

## Conclusion

The Court declines to adopt the recommendation of the Magistrate Judge and recommits the matter to the Magistrate Judge to address the remaining issues raised in this judicial review of the Commissioner's decision denying DIB and SSI to Plaintiff.

AND IT IS SO ORDERED.

Richard M. Gergel
United States District Judge

September 30, 2011
Charleston, SC