IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Karyn E. Pruitt, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:10-2439-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security Administration, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner denying her Disability Insurance Benefits and Social Security Income. The matter was referred to the Magistrate Judge for pretrial handling in accord with the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C. The Magistrate Judge has now recommended that the Commissioner's decision be affirmed. (Dkt. No. 18). Plaintiff has filed a response objecting to the Magistrate Judge's recommendation (Dkt. No. 20) and Defendant has filed a reply. (Dkt. No. 21).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination rests with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections has been made, and may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge.

28 U.S.C. § 636(b)(1).

Plaintiff has raised two grounds for objecting to the Magistrate Judge's recommendation. First, Plaintiff asserts that the Commissioner has failed to consider the "mechanics of treatment" of her migraine headaches, which references the frequency of the headaches, the need for medication and isolation and the corresponding effect on her employability. (Dkt. No. 18 at 2.). Second, Plaintiff challenges the finding of the Magistrate Judge that there has not been a significant worsening of her medical condition since the onset of the alleged date of disability of December 13, 2004. *Id.*

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F. 2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Contrary to the objection of the Plaintiff that the there has been inadequate consideration of the "mechanics of treatment", the Administrative Law Judge ("ALJ") documented that he had considered the "type, dosage, effectiveness and adverse side effects" of Plaintiff's medications, "the treatment, other than medication, for the relief of pain" and the "functionally limiting effects" of Plaintiff's symptoms. (Record [hereafter "R."] at 18). Plaintiff testified that she had two to three migraines per week which disabled her from six to eight hours at a time. ( R. at 15). The ALJ determined that he did not find Plaintiff's testimony regarding the degree of disability

arising from her migraine headaches credible, noting the "vague diagnoses", the Plaintiff's own testimony regarding her performance of activities of daily living, and her treating physician, Dr. Hanna's, largely normal physical findings. *Id.* at 18. The Court finds substantial evidence in the record to support the Commissioner's findings regarding credibility and degree of impairment.

Plaintiff further objects to the Magistrate Judge's observation that Plaintiff's alleged disabling conditions predated her disability date and included periods in which she was working. (Dkt. No. 18 at 5). The Magistrate Judge referenced *Orrick v. Sullivan*, 966 F.2d 368, 370 (8th Cir. 1992) for the proposition that "absent showing of significant worsening of condition, ability to work with impairment detracts from finding of disability." *Id.* at 5. The voluminous record does contain literally hundreds of documents predating the asserted disability onset date, and many of these records describe medical complaints similar to the ones which Plaintiff asserts are the basis of her disability. There is, thus, substantial evidence in the record supporting the Magistrate Judge's finding. The ultimate issue, however, turns on whether Plaintiff's well document medical conditions are disabling, and the Commissioner concluded that the "claimant is capable of performing past relevant work" and is not disabled. ( R. at 19). This critical finding is supported by substantial evidence. In light of the limited standard of review of the factual findings of the Commissioner in Social Security cases at the judicial review stage, the presence of substantial evidence supportive of the Commissioner's findings mandates the decision be affirmed.

Having reviewed the Report and Recommendation of the Magistrate Judge, the full record in this matter, the Plaintiff's objections, the Defendant's response, and the applicable legal authorities, the Court hereby adopts the Report and Recommendation of the Magistrate Judge as

the order of the Court. Therefore, the decision of the Commissioner is hereby **AFFIRMED**..

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

December 13, 2011
Charleston, South Carolina